# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CORRINE MACK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-cv-00697-RLW |
| ELITE STAFFING, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Corrine Mack for leave to commence this action without payment of the required filing fee. (Docket No. 2). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Additionally, the Court will order plaintiff to show cause why her claims brought pursuant to the Americans with Disabilities Act (ADA) should not be summarily dismissed for failing to exhaust her administrative remedies.[1]

Plaintiff's complaint alleges that she was sexually harassed by a fellow coworker at Menasha Packaging Company.[2] She asserts that after she complained of the sexual harassment, she was fired. Despite plaintiff's allegations in her "statement of claim," on the first page of the complaint, she has checked the box stating that she is bringing her employment discrimination claim pursuant to the ADA, 42 U.S.C. §§ 12101, *et seq.*

---

[1] Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.
[2] Plaintiff appears to have been employed by a staffing company, Elite Staffing. She claims she was placed at Menasha to work as a packer.

"The ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. Of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). Discrimination includes an employer not making a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012). In order to establish a prima facie case of discrimination under the ADA, "an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability." *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). *See also Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 684 (8th Cir. 2003). To establish a disability, an ADA claimant must show a physical or mental impairment substantially limiting a major life activity, a record of such impairment, and that the claimant is regarded as having such impairment. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490-91 (8th Cir. 2002).

Here, plaintiff's allegations do not state a claim under the ADA. Plaintiff alleges that she was sexually harassed at work, that she complained about the harassment, and that she was thereafter fired in retaliation for making the complaint. (Docket 1 at 5). Nothing in plaintiff's statement of claim makes any mention that she suffered from a qualified disability under the ADA, or that her employer failed to accommodate a qualified disability.

Furthermore, plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC) does not concern allegations of disability discrimination or failure to accommodate a disability under the ADA. Rather, plaintiff's claims in her charge encompass sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e, *et seq.*[3] If plaintiff desires to bring an ADA claim, she must first exhaust her remedies with the EEOC. *See* 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(e)(1) outlining charge requirements). *See also Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 638 (8th Cir. 2003) ("There is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"); *Randolph v. Rogers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies").

Courts should not use administrative procedures as a "trap for unwary pro se civil-rights plaintiffs." *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004). Accordingly, when appropriate, a plaintiff's civil rights and discrimination claims will be charitably construed. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996). With this in mind, the Court will give plaintiff the opportunity to show cause why her claims under the ADA should not be dismissed for failure to exhaust her administrative remedies.

Additionally, plaintiff has filed a motion for appointment of counsel. At this time, it appears plaintiff is able to reasonably assert her own interests. Therefore, the Court will deny plaintiff's motion. *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

---

[3] The Court notes that plaintiff's Title VII claims are timely and appear to be fully exhausted. Plaintiff's right to sue letter from the EEOC gave her ninety days from March 21, 2018 in which to file a lawsuit. Plaintiff's lawsuit was filed on May 3, 2018. Therefore, plaintiff's Title VII claims survive § 1915 review.

3

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than twenty-one (21) days from the date of this Order**, why plaintiff's ADA claims should not be dismissed from this action for plaintiff's failure to adequately exhaust her administrative remedies with respect to these claims.

**IT IS FURTHER ORDERED** that if plaintiff fails to respond to this Memorandum and Order, her claims brought pursuant to the ADA will be dismissed without prejudice.

Dated this 20th day of June, 2018.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE