| CORRINE MACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELITE STAFFING, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Case No. 4:18CV697 RLW

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Elite Staffing's ("Elite") Motion to Transfer Venue and Incorporated Suggestions in Support (ECF No. 18), which was filed on October 15, 2018. Plaintiff has not submitted any response to Elite's Motion to Transfer Venue. The time for Plaintiff to file a response has expired. *See* E.D. Mo. L.R. 4.01(B).

## **BACKGROUND**

Plaintiff Corrine Mack is a former employee of Elite, a staffing agency. Mack was assigned to work at Menasha Packaging ("Menasha") in Edwardsville, Illinois. Mack filed this lawsuit against Elite Staffing in this Court on May 3, 2018. The same day, Mack also filed a separate Complaint in this Court against Menasha Packaging. *See* Case No. 4:18-cv-708.

In both Complaints, Mack alleges that she was sexually harassed by Cedric Nichols on July 19, 2017. She further alleges that she complained to her Elite Staffing Supervisor. Thereafter, Mack says she was fired by Elite On-Site Manager, Makita Woods,[1] who was responsible for overseeing Mack at the Edwardsville, Illinois site.

---

[1] Plaintiff erroneously refers to Ms. Woods as "Monique" in her Complaint, but Elite never employed an On-Site Manager by that name.

Mack filed a Charge of Discrimination, alleging she was discriminated against on the basis of sex and retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended. (ECF No. 1-2).

On May 7, 2018, this Court entered an order transferring Plaintiff's case against Menasha to the Southern District of Illinois. *See* Case No. 4:18-cv-708, ECF No. 5. The Court's Order stated that venue was proper in the judicial district where defendant Menasha was located, which is the Southern District of Illinois. In this Motion, Elite asks for the Court to transfer this companion case to the Southern District of Illinois.

## DISCUSSION

In Title VII actions, venue is controlled by the specific venue provisions in 42 U.S.C. § 2000e–5(f)(3), as opposed to the general federal venue statute. *Johnson v. Payless Drug Stores Northwest, Inc.,* 950 F.2d 586, 587–88 (9th Cir.1991), *cert. denied,* 505 U.S. 1225, 112 S.Ct. 3044, 120 L.Ed.2d 911 (1992). This statute provides that an employment discrimination action may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3); *Brigdon v. Slater*, 100 F. Supp. 2d 1162, 1163 (W.D. Mo. 2000).

Applying 42 U.S.C. § 2000e–5(f)(3), this Court concludes that venue is proper in the Southern District of Illinois. This Court has already concluded that Mack's case against Menasha Packaging is properly in the Southern District of Illinois. Similarly, the Court holds that her case against Elite should be heard in the Southern District of Illinois. Any unlawful

-2-

employment practice against Mack would have occurred at the Menasha Packing site in Edwardsville, Illinois. Likewise, Mack's employment records, including her personnel file, are located in Illinois. Indeed, Mack's personnel file indicates that she was terminated by Elite's On-Site Manager, Makita Woods, for insubordination. Finally, the Court notes Mack would have continued to work at Menasha in Illinois for Elite but for her termination. Therefore, the Court concludes that all of the 42 U.S.C. § 2000e–5(f)(3) factors weigh in favor of venue in the Southern District of Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Elite Staffing's Motion to Transfer Venue and Incorporated Suggestions in Support (ECF No. 18) is **GRANTED**. This action is transferred, under 42 U.S.C. § 2000e–5(f)(3) to the Southern District of Illinois.

Dated this 2nd day of November, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE